IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

CODY HAHN,

        Plaintiff,

v.

CASEY BALDWIN;
JOHN DOE BAILIFF;
PROSECUTOR,

        Defendants.

Case No. 25-CV-00622-SEH-CDL

## OPINION AND ORDER

Before the Court is Plaintiff's complaint [ECF No. 1] and motion for leave to proceed *in forma pauperis* [ECF No. 2]. In reliance upon the representations and information set forth in Plaintiff's motion to proceed *in forma pauperis*, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). Because Plaintiff's request to proceed *in forma pauperis* is granted, the complaint is subject to screening under 28 U.S.C. § 1915(e). *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Title 28 U.S.C. § 1915(e)(2) directs a district court to dismiss a case if:

    (A) the allegation of poverty is untrue; or

>> (B) the action or appeal--
>>> (i) is frivolous or malicious;
>>> (ii) fails to state a claim on which relief may be granted; or
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court finds the case should be dismissed under § 1915(e)(2). All Plaintiff's claims are either barred by the Eleventh Amendment, judicial and prosecutorial immunity, do not give rise to a private civil cause of action, fail to state a claim upon which relief may be granted, or are otherwise barred by an abstention doctrine. Therefore, this case is dismissed without prejudice.

**I. Discussion**

Plaintiff brings five claims under 42 U.S.C. § 1983 against an Oklahoma district court judge, his unnamed bailiff, and an unnamed state court prosecutor. [ECF No. 1]. He seeks $250,000 in damages, a preliminary injunction, recusal of the judge, return of "all papers," and an order that the prosecutor "freeze filings." [*Id.*]. All Defendants are sued in both their individual and official capacities. [*Id.*].

The Eleventh Amendment bars Plaintiff's claims for damages against the defendants in their official capacities. "The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quotation omitted). "And because an official-capacity suit is, in all

respects other than name, to be treated as a suit against the entity, the Eleventh Amendment provides immunity when state officials are sued for damages in their official capacity." *Id.* (citation, brackets, and internal quotation marks omitted). Here, all the defendants are state actors. Therefore, the Court finds Plaintiff's claims are precluded to the extent he seeks money damages against the defendants in their official capacities.

Plaintiff's claims against the judge and prosecutor are barred by judicial and prosecutorial immunity. In count one, Plaintiff alleges that Judge Baldwin violated his constitutional rights by holding him in contempt for attempting to record live testimony with his cell phone. [ECF No. 1]. The complaint fails to allege any acts taken by the prosecutor. "[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (citations omitted). Judicial "immunity is overcome in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12 (citations omitted). Likewise, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under s 1983." *Imbler v. Pachtman*,

3

424 U.S. 409, 431 (1976). Although Plaintiff states in count one that Judge Baldwin was not performing a judicial act because "arrest ≠ ruling," the Court finds that contempt proceedings are inherently acts performed in a judicial capacity. Therefore, Judge Baldwin and the unnamed prosecutor are immune from suit and count one is dismissed.

In counts two and three, Plaintiff alleges violations of federal criminal statutes 18 U.S.C. §§ 1503 and 1703. [ECF No. 1]. However, alleged violations of the federal criminal code cannot support a private civil cause of action. *See Kelly v. Rockefeller*, 69 F. App'x 414, 415 (10th Cir. 2003) ("the criminal statutes do not provide for private civil causes of action"); *Monge v. Nevarez Law Firm*, No. 20-cv-01118-MV-SMV, 2021 WL 2667165, at *2 (D.N.M. June 29, 2021) (dismissing with prejudice a similar pro se claim based on alleged violations of criminal statutes). Because alleged violations of 18 U.S.C. §§ 1503 and 1703 do not give rise to a private civil right of action, the second and third claim of the complaint are dismissed.

In counts four and five, Plaintiff fails to state a claim upon which relief can be granted. A *pro se* plaintiff's complaint must be liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, liberal construction of a *pro se* plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. Notwithstanding a *pro se* plaintiff's various mistakes or

misunderstandings of legal doctrines or procedural requirements, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). The standard for dismissals under § 1915(e)(2)(B)(ii) is the same as dismissals under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Id.* A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a

5

plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (citation modified). Nor will the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

Although Plaintiff identifies the type of claims he wishes to assert in counts four and five, he does not set forth sufficient facts to support them. Because these counts are devoid of any factual allegations that would support a claim upon which relief may be granted, the Court dismisses them without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also seeks to halt an ongoing state prosecution and trial and enjoin a state judge from proceeding.[1] [ECF No. 1]. Under the doctrine of *Younger* abstention, federal courts are not permitted to interfere in pending state criminal matters. *Younger v. Harris*, 401 U.S. 37, 40–41 (1971).

## II. Conclusion

For the reasons stated above, Plaintiff's motion to proceed *in forma pauperis*, [ECF No. 2], is GRANTED.

---

[1] The complaint fails to provide enough information for the Court to determine if the state court case is still pending, has concluded, or if Plaintiff was the defendant in that case. So, the Court only addresses the relief sought on the face of the complaint as if the state court action remains pending.

However, the complaint seeks monetary relief against defendants who are immune from such relief, alleges federal criminal law violations, fails to state a claim on which relief may be granted, and is otherwise barred by *Younger*. Therefore, this case is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e). A separate judgment will enter.

DATED this 20th day of January, 2026.

*Sara Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE